**BURRIS, NISENBAUM, CURRY, & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY, & LACY LLP**
DEWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt@bncllaw.com
julia.quesada@bncllaw.com
lena.andrews@bncllaw.com

**STROM LAW FIRM, L.L.C.**
BAKARI T. SELLERS (SBN: 79714)
6923 N Trenholm Road
Columbia, South Carolina 29206
Telephone: (803) 252-4800
Facsimile: (803) 252-4801
BSellars@stromlaw.com

**MONTES & ASSOCIATES**
JORGE L. MONTES (ARN: 6198136) (CAN: 33853)
831 N Ashland Avenue
Chicago, Illinois 60622
Telephone: (312) 850-9844
Facsimile: (312) 850-9835
jorge@montesassociates.com

Attorneys for Plaintiffs,
Jose Corrales, Rosaura Corrales, Heidi Gonzalez,
Z.C., a minor by and through Guardian Ad Litem,
Amiregh Quezada, C.C., a minor by and through
Guardian Ad Litem, Amiregh Quezada, and A.C.,
a minor by and through Guardian Ad Litem,
Amiregh Quezada

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORRALES, an individual; ROSAURA CORRALES, an individual; HEIDI GONZALEZ, individually and as successor-in-interest to Decedent Mizael Corrales; Z.C., a minor by and through Guardian Ad Litem, Amiregh Quezada, individually and as successor-in-interest to Decedent Mizael Corrales; C.C., a minor by and through Guardian Ad Litem, Amiregh Quezada, individually and as successor-in-interest to Decedent Mizael Corrales; A.C., a minor by and through Guardian Ad Litem Amiregh Quezada, individually and as successor-in-interest to Decedent Mizael Corrales,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>COUNTY OF SAN DIEGO, a municipal entity; ANTHONY GARCIA, individually and in his official capacity as a deputy for the San Diego County Sheriff's Department; and DOES 1-50, inclusive, individually and in their official capacity as deputies for the San Diego County Sheriff's Department,<br><br>                    Defendants. | CASE NO.: **'23CV1468 AJB  AHG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983: Fourth and Fourteenth Amendments<br>Pendent Tort Claims<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This civil rights case arises out of the unjustified shooting and killing of Mizael Corrales by Deputy Anthony Garcia of the San Diego County Sheriff's Department. On February 19, 2022, Mr. Corrales was struck by a hail of bullets after Deputy Garcia fired thirteen (13) rounds through the windshield and driver side window of the car Mr. Corrales was driving. Mr. Corrales succumbed to his injuries and died at the scene.

2.      The actions taken by Deputy Garcia were a gross departure from his training. Deputy Garcia's conduct, including his use of lethal force, was reckless, unjustified, and unreasonable under the circumstances.

3.      Accordingly, this wrongful death action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and California state law, in connection with the use of lethal force, resulting in the death of Decedent, Mizael Corrales.

## JURISDICTION AND VENUE

4.      This action arises under Title 42 of the United States Code, § 1983. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. The unlawful acts and practices alleged herein occurred in the City of San Diego, County of San Diego, California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## PARTIES

6.      Decedent MIZAEL CORRALES (hereinafter "Decedent Mizael") was an individual residing in the State of California. Decedent Mizael died intestate. Decedent Mizael did not file any legal actions prior to his death. To the extent that this action seeks to recover damages for the violation of rights personal to Decedent Mizael, this action is maintained by his Successors-in-Interest, Heidi Gonzalez, Z.C., a minor by and through Guardian Ad Litem, Amiregh Quezada, C.C., a minor by and through Guardian Ad Litem, Amiregh Quezada, and A.C., a minor by and through Guardian Ad Litem, Amiregh Quezada. Said Plaintiffs are the wife and biological children of Decedent Mizael and have standing to bring this action as Decedent Mizael was unmarried at the time of his death.

**COMPLAINT FOR DAMAGES**

7.      Plaintiff JOSE CORRALES (hereinafter "Plaintiff Jose") is and was at all times mentioned herein, the biological father of Decedent Mizael. Plaintiff Jose sues in his individual capacity.

8.      Plaintiff ROSAURA CORRALES (hereinafter "Plaintiff Rosaura") is and was at all times mentioned herein, the biological mother of Decedent Mizael. Plaintiff Rosaura sues in her individual capacity.

9.      Plaintiff HEIDI GONZALEZ (hereinafter "Plaintiff Heidi") is and was at all times mentioned herein, the wife of Decedent Mizael. Plaintiff Heidi sues in her individual capacity and as successor-in-interest to Decedent Mizael.

10.     Plaintiff Z.C. (hereinafter "Plaintiff Z.C."), a minor by and through Guardian Ad Litem, Amiregh Quezada, is and was at all times mentioned herein, the biological child of Decedent Mizael. Plaintiff Z.C. sues in an individual capacity and as successor-in-interest to Decedent Mizael.

11.     Plaintiff C.C. (hereinafter "Plaintiff C.C."), a minor by and through Guardian Ad Litem, Amiregh Quezada, is and was at all times mentioned herein, the biological child of Decedent Mizael. Plaintiff C.C. sues in an individual capacity and as successor-in-interest to Decedent Mizael.

12.     Plaintiff A.C. (hereinafter "Plaintiff A.C."), a minor by and through Guardian Ad Litem, Amiregh Quezada, is and was at all times mentioned herein, the biological child of Decedent Mizael. Plaintiff A.C. sues in an individual capacity and as successor-in-interest to Decedent Mizael.

13.     Defendant ANTHONY GARCIA (hereinafter "Defendant Garcia") is and was at all times mentioned herein, a deputy for the San Diego County Sheriff's Department, and is sued individually and in his official capacity.

14.     Defendant COUNTY OF SAN DIEGO (hereinafter "Defendant County") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times mentioned herein,

Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the County of San Diego Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant County is and was the employer of Defendants Garcia and DOES 1 through 50, inclusive, (hereinafter, collectively, "Defendant Officers"), individually and in their official capacities as deputies for the County of San Diego Sheriff's Department.

15. Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

16. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the deputies and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

**COMPLAINT FOR DAMAGES**

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiffs are required to comply with the administrative procedures set forth in the California Government Claims Act. Plaintiffs filed claims against the County of San Diego on July 27, 2022.

18.     The claims were rejected by operation of law on September 10, 2022.

19.     Plaintiffs therefore exhausted all administrative remedies pursuant to section 910 of the California Government Code.

## PRELIMINARY ALLEGATIONS

20.     The County of San Diego is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code, for the acts and omissions of Defendants Garcia and DOES 1 through 50, and each of them, who at the time they caused Decedent's and Plaintiffs' injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant County, and acting within the course and scope of their employment and/or agency.

21.     Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control.

22.     Whenever and wherever reference is made in this Complaint to any act by Defendants Garcia and DOES 1 through 50, such allegations and references shall also be deemed to mean the acts, and failures to act, of each Defendant DOE Officer, individually, jointly, or severally.

**COMPLAINT FOR DAMAGES**

**FACTUAL ALLEGATIONS**

23.     On February 19, 2022, at approximately 9:00 a.m., Decedent Mizael Corrales was parked in a white SUV with two other passengers at a strip mall at or around the 2400 block of Roll Drive in Otay Mesa, San Diego, when several deputies of the San Diego County Sheriff's Department arrived on scene. Without explanation, several armed deputies, both uniformed and in plain clothes, surrounded the SUV and ordered Decedent and his passengers to get out of the car.

24.     Without an opportunity to comply, Defendant Garcia, with the aid of other deputies, opened the driver's door and went hands-on with Decedent. Defendant Garcia and deputies reached into the driver's seat and grabbed hold of Decedent. Defendant Garcia and deputies pulled onto Decedent's person attempting to remove Decedent from the car by physical force. The two passengers were taken into custody by other deputies.

25.     Thereafter, Decedent put the SUV into reverse and pulled out of the parking spot. As the SUV reversed, Defendant Garcia and another deputy fell to the ground. As Decedent shifted the SUV out of reverse and back into drive, Defendant Garcia quickly got to his feet, drew his gun, and aimed directly at Decedent. Then, without warning, Defendant Garcia fired multiple gunshots at Decedent through the front windshield of the SUV.

26.     Plaintiffs are informed and believe, and thereon allege, that multiple rounds pierced through the windshield and fatally struck Decedent. On information and belief, Decedent became incapacitated by the hail of bullets and lost control of the SUV. Defendant Garcia stepped off to the side and stopped shooting as the SUV rolled forward.

27.     Plaintiffs are informed and believe, and thereon allege, that when SUV rolled passed Defendant Garcia, Defendant Garcia fired an additional ten (10) rounds, if not more, through the open driver side window, striking Decedent several more times. On information and belief, the SUV continued rolling forward until it collided with a parked car and stopped moving.

28.     Plaintiffs are informed and believe, and thereon allege, that neither Defendant Garcia, nor any other deputy or person, were in imminent danger when Defendant Garcia fired the

**COMPLAINT FOR DAMAGES**

first round of bullets through the windshield. On information and belief, Defendant Garcia took time to deliberate between the first volley of gunshots and the second.

29.     Plaintiffs are informed and believe, and thereon allege, that Decedent did not pose a credible threat to the safety of Defendant Garcia, other deputies, or another, when Defendant Garcia fired an additional ten (10) or more rounds through the driver side window as the SUV rolled passed.

30.     Plaintiffs are informed and believe, and thereon allege, that Defendant Garcia proceeded to use excessive and deadly force against Decedent without warning and without provocation, and to assault and batter Decedent through acts that include but are not limited to, unjustifiably discharging several rounds from a department-issued firearm at Decedent. Even though Decedent no longer posed a credible threat to any person, Defendant Garcia or any other deputy, Defendant Garcia disregarded his training, improperly assessed the situation, and ignored department policy. Defendant Garcia's use of lethal force against Decedent was excessive under the circumstances, and thereby, unconstitutional.

31.     Plaintiffs are informed and believe, and thereon allege, that upon arriving at the strip mall in Otay Mesa, San Diego, California, Defendant Garcia, while acting under the color of state law, and in the course and scope of his employment with the Defendant County and the San Diego County Sheriff's Department, negligently assessed the circumstances presented to him when deputies contacted Decedent.

32.     At no time during the deputies' initial encounter with Decedent, did Decedent pose any reasonable or credible threat of violence to Defendant Garcia or the other deputies, nor did he do anything to justify the continued use of deadly force inflicted against him. Decedent was unarmed in the parking lot of a busy strip mall when Defendant Garcia fired nearly thirteen (13) bullets through the front windshield and driver side window, striking and killing Decedent. Such force exercised against Decedent was excessive, unnecessary, and therefore, unlawful.

33.     Moreover, Decedent made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable sheriff's deputy that he had the will, or

**COMPLAINT FOR DAMAGES**

the ability, to inflict substantial bodily harm against any individual at the time deputies encountered him. Furthermore, Defendant Garcia was never faced with any circumstances during the initial encounter with Decedent which would have led a reasonable sheriff's deputy to believe that Decedent posed the risk of death or serious bodily injury to any person at the time lethal force was used.

34.     After a significant and appreciable period of time had passed following the shooting, Decedent died as the direct and proximate result of the gunshot wounds inflicted by Defendant Garcia.

35.     Plaintiffs are informed and believe, and thereon allege, that Defendants DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants Garcia and DOES 1-25. Their failure to discipline Defendants Garcia and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests, and the use of excessive and/or deadly force against San Diego County citizens.

36.     Plaintiffs are informed and believe, and thereon allege, that members of the San Diego County Sheriff's Department, including but not limited to, Defendants Garcia and DOES 1-50, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Decedent.

37.     Plaintiffs are informed and believe, and thereon allege, that the San Diego County Sheriff's Department knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

38.     At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Decedent's and Plaintiffs' rights, and in the alternative, negligent and objectively unreasonable.

39.     Plaintiffs also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiffs suffered and still suffer from symptoms including, but not limited to, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

40.     During the incident, Defendants Garcia and DOES 1 through 25, inclusive, worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

41.     Moreover, each of the Defendant Deputies failed to intervene or prevent harm when his or her colleagues were depriving Decedent of his constitutional rights as stated in this Complaint. By failing to intervene, each of the Defendant DOE Deputies additionally violated Decedent's constitutional rights.

42.     Plaintiffs are informed and believe, and thereon allege, that Defendants violated standard police practices and training during the performance of their duties as San Diego County Sheriff's Department Deputies.

43.     Plaintiffs are informed and believe, and thereon allege, that Defendant Garcia failed to maintain situational awareness and improperly assessed the circumstances presented. On information and belief, Defendant Garcia failed to consider the dangers of his actions when he fired several bullets into a moving vehicle without any warning.

44.     The actions and omissions of Defendant County and Defendants Garcia and DOES 1 through 50, inclusive, were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers, detectives, and/or public officials, and pursuant to unconstitutional customs, policies and procedures of Defendant County and/or other jurisdictions.

45.     Plaintiffs are informed and believe, and thereon allege, that Defendant County and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants Garcia and DOES 1 through 25, inclusive. Their failure to discipline Defendants Garcia and DOES 1 through 25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate

**COMPLAINT FOR DAMAGES**

indifference, the making of improper detentions and arrests, the use of excessive force, and the failure to treat the serious medical needs of San Diego County Citizens.

46.      Plaintiffs are informed and believe, and thereon allege, that members of the County of San Diego Sheriff's Department, including but not limited to, Defendants and DOES 1 through 25, inclusive, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Decedent.

47.      Plaintiffs are informed and believe, and thereon allege, that the County of San Diego Sheriff's Department knew or had reason to know, by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations. On information and belief, Defendant County failed to take any action to address the repeated patterns of inappropriate conduct demonstrated by Defendants Garcia and DOES 1 through 25, inclusive. Such failure not only demonstrates Defendant Deputies' complete disregard for rights, safety and welfare of the citizens of San Diego County, but it also demonstrates Defendant County's complacency and ratification of their conduct.

48.      At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiffs' and Decedent's rights, and in the alternative, negligent and objectively unreasonable, and thereby, unlawful.

## DAMAGES

49.      As a consequence of Defendants' violations of Decedent's and Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiffs were physically, mentally, emotionally, and financially, injured and damaged as a proximate result of Defendants' wrongful conduct and Decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations with the loss of Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support and financial support.

50.      Plaintiffs seek both survival and wrongful death damages, pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b), for the violation of both

Decedent's and Plaintiffs' rights. Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61 and loss of financial support.

51.    Plaintiffs are further entitled to recover damages incurred by Decedent before he died as a result of being deprived without due process of his right to life, and to any penalties or punitive damages to which Decedent would have been entitled to recover had he lived, including damages incurred by Decedent consisting of pain and suffering he endured as a result of the violation of his civil rights.

52.    Plaintiffs found it necessary to engage the services of private counsel to vindicate theirs and Decedent's rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.  Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violation of the Fourth Amendment of the U.S. Constitution - Excessive Force)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem**
**Amiregh Quezada, C.C., a minor by and through Guardian ad Litem**
**Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada,**
**as co-successors-in-interest to Decedent Mizael Corrales**
**Against Defendants GARCIA and DOES 1-25)**

53.    Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 52 of this Complaint.

54.    The foregoing claim for relief arose in Decedent Mizael's favor and Decedent Mizael would have been the Plaintiff with respect to this claim if he had survived.

55.    42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

**COMPLAINT FOR DAMAGES**

Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

56.     Decedent Mizael has firmly established rights under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive, including deadly, force being used against him.

57.     Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

58.     Defendants, acting in the performance of their official duties, used deadly force against Decedent Mizael, which was unjustified and entirely unreasonable under the circumstances.

59.     Decedent Mizael posed no credible threat of harm to Defendant Garcia or any deputy or other, when Defendant Garcia fired at least thirteen (13) lethal rounds at Decedent Mizael through the windshield and driver side window of the SUV without assessment, warning, or provocation.

60.     Defendant's unjustified shooting deprived Decedent Mizael of his right to be secure in his person against unreasonable searches and seizures, as guaranteed to Decedent Mizael under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment of the United States Constitution.

61.     At no point did any Defendant DOE Deputy intervene to stop Defendant Garcia from using deadly force on Decedent that was clearly excessive under the circumstances.

62.     In using excessive and unjustified force, Defendant Garcia was acting in accordance with the widespread informal practices and customs maintained by the San Diego County Sheriff's Department.

63.     Defendant Garcia, acting under the color of statute, ordinances, regulations, customs and usages of the State of California, knew that the use of deadly force in these circumstances was unjustified, and was thereby illegal under clearly established law.

**COMPLAINT FOR DAMAGES**

64.     The conduct alleged herein caused Decedent to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Decedent Mizael to suffer extreme pain and suffering, and eventually suffered a loss of life and the loss of earning capacity.

65.     Moreover, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent Mizael, and will continue to be so deprived for the remainder of their natural lives.

66.     Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Decedent Mizael.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Violation of the Fourteenth Amendment of the U.S. Constitution – Denial of Med Care)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem**
**Amiregh Quezada, C.C., a minor by and through Guardian ad Litem Amiregh**
**Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada,**
**as co-successors-in-interest to Decedent Mizael Corrales**
**Against Defendants GARCIA and DOES 1-25)**

67.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 66 of this Complaint.

68.     The foregoing claim for relief arose in Decedent Mizael's favor and Decedent Mizael would have been the Plaintiff with respect to this claim if he had survived.

69.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

70.     Defendants' purposeful denial of medical care deprived Decedent Mizael of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

71.     Defendants' purposeful denial of medical care further deprived Decedent Mizael of his right to be secure in his person against unreasonable searches and seizures as guaranteed by the Due Process Clause under the Fourteenth Amendment of the United States Constitution.

72.     Defendants knew that failure to provide timely medical treatment to Decedent Mizael could result in further significant injury and the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing Decedent Mizael great bodily harm, conscious pain and suffering, and eventually death.

73.     Defendants' actions and omissions as described herein resulted in the deprivation of these constitutional rights.

74.     Defendants, while acting in the performance of their official duties, used force against Decedent Mizael that was unjustified, entirely unreasonable, and thereby excessive, such that the failure to provide Decedent Mizael access to medical care immediately thereafter was deliberately indifferent to Decedent Mizael's serious medical need and thereby shocks the conscience.

75.     In using excessive and unjustified force, and by failing to provide Decedent Mizael access to immediate medical care, Defendant Deputies were acting in accordance with the widespread informal practices and customs maintained by the San Diego County Sheriff's Department, as elaborated upon in paragraphs 76-79.

76.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that failure to provide Decedent Mizael access to immediate medical care was deliberately indifferent to Decedent Mizael's serious medical need and violated clearly established law.

**COMPLAINT FOR DAMAGES**

77.     The conduct alleged herein caused Decedent Mizael to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Decedent Mizael to suffer life-threatening physical injuries, extreme conscious pain and suffering, and eventually suffered a loss of life and earning capacity.

78.     Moreover, Plaintiffs have been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent Mizael, and will continue to be so deprived for the remainder of their natural lives.

79.     Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Decedent Mizael.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Violation of the Fourteenth Amendment of the U.S. Constitution –**
**Right to Familial Relationship)**
**(All Plaintiffs Against Defendants GARCIA and DOES 1-25)**

80.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 79 of this Complaint.

81.     The foregoing claim for relief arose in Decedent Mizael's favor and Decedent Mizael would have been the Plaintiff with respect to this claim if he had survived.

82.     Plaintiffs have a cognizable interest under the Due Process clause of the Fourteenth Amendment to the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including, but limited to, unwarranted state interference in Plaintiffs' familial relationship with Decedent Mizael.

83.     Decedent Mizael had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

**COMPLAINT FOR DAMAGES**

84.     As a result of the excessive force inflicted and the medical care denied by Defendants, Decedent Mizael died from his injuries. Plaintiffs were thereby deprived of their constitutional right of familial relationship with their father, husband, and son, Decedent Mizael.

85.     Defendants, acting under color of state law, thus violated Plaintiffs' Fourteenth Amendment rights to be free from unwarranted interference with their familial relationship with Decedent Mizael.

86.     The aforementioned actions of Defendants, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs, and with purpose to inflict harm, unrelated to any legitimate law enforcement objective.

87.     Defendants, acting under color of state law, thus violated the constitutional rights of Decedent and Plaintiffs, to which they are guaranteed under the Fourteenth Amendment.

88.     As a direct and proximate cause of the acts of Defendants, Decedent Mizael experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs have been injured in both mind and body, suffering extreme and severe mental anguish and pain. Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of Decedent Mizael, and will continue to be so deprived for the remainder of their natural lives.

89.     As a result of Defendants' unlawful conduct, they are liable for Decedent's injuries, either because they were integral participants in the denial of due process, or because they failed to intervene to prevent these violations.

90.     Defendants' conduct alleged herein was willful, wanton, malicious, intentional, and deliberate, and was done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Decedent Mizael.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

///

///

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(All Plaintiffs Against Defendants COUNTY and DOES 26-50)**

91.     Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 90 of this Complaint.

92.     The foregoing claim for relief arose in Decedent Mizael's favor and Decedent Mizael would have been the Plaintiff with respect to this claim if he had survived.

93.     Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant County is liable for all injuries sustained by Plaintiffs as set forth herein. Defendant County bears liability because its policies, practices and/or customs were a cause of Decedent Mizael's death and Plaintiffs' injuries.

94.     On information and belief, the conduct of Defendants Garcia and DOES 1-25, inclusive, individually and as Sheriff's deputies, was ratified by Defendant County's Sheriff's Department supervisorial officers, Defendants DOES 26 through 50, inclusive.

95.     On information and belief, Defendants were not disciplined for using unjustified lethal force against Decedent Mizael, for their denial of medical care for Decedent Mizael, nor for their violations of department policy.

96.     Prior to, and continuing from, February 19, 2022, Defendants, individually and as Sheriff's deputies, deprived Plaintiffs and Decedent Mizael of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution in that said Defendants and their supervising and managerial commanders, employees, agents, and representatives, acted with gross negligence, and with reckless disregard and deliberate indifference to the rights and liberties of the public in general, and of Decedent Mizael, of Plaintiffs, and of persons in their class, situation, or comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and/or practice of:

a. Employing and retaining as sheriff's deputies, detectives, and other personnel, including Defendants Garcia and DOES 1 through 25, individually and as peace

**COMPLAINT FOR DAMAGES**

officers, who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written San Diego County Sheriff's Department policies, including the use of excessive and deadly force, and respecting the protections afforded to citizens under the Fourth Amendment;

b.  Inadequately supervising, training, controlling, assigning, and disciplining Defendant County sheriff's deputies, detectives, and other personnel, including Defendants Garcia and DOES 1 through 25, who Defendant County knew, or in the exercise of reasonable care, should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c.  Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendants Garcia and DOES 1-25, who are sheriff's deputies and/or detectives for Defendant County;

d.  Failing to discipline Defendants Garcia and DOES 1-25, for their intolerable conduct, including but not limited to, unlawful seizures and excessive and deadly force;

e.  Ratifying the intentional misconduct of Defendants Garcia and DOES 1-25, and other agents who are sheriff's deputies and/or detectives of Defendant County;

f.  Having and maintaining an unconstitutional policy, custom and practice of detaining and arresting individuals without probable cause or reasonable articulable suspicion, and unjustifiably using excessive force, including deadly force, demonstrated through grossly inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' rights, safety and welfare; and

g.  Failing to properly investigate claims of unlawful seizures and excessive force by Defendant County sheriff's deputies and/or detectives.

**COMPLAINT FOR DAMAGES**

97.    By reason of the aforementioned policies and practices of Defendants, individually and as Sheriff's deputies, Decedent Mizael was severely harmed, traumatized, inflicted with severe pain and suffering, and ultimately, lost his life and earning capacity, when Defendant Garcia discharged more than a dozen lethal rounds without any warning or provocation using a department-issued firearm and failed to provide timely medical care for Decedent's injuries, for which Plaintiffs are entitled to recover damages.

98.    Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent Mizael, Plaintiffs, and other individuals similarly situated.

99.    By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Decedent and Plaintiffs. Each of their actions and inactions was willful, wanton, intentional, oppressive, malicious, fraudulent extremely offensive, and outright unconscionable, to any person of normal sensibilities.

100.    Furthermore, the policies, practices and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by Decedent Mizael and Plaintiffs.

101.    By reason of the aforementioned acts and omissions of Defendants, individually and as Sheriff's deputies, Plaintiffs were caused to incur funeral costs and related burial expenses, the loss of gifts and benefits, and the loss of financial support.

102.    Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

**COMPLAINT FOR DAMAGES**

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(C.C.P. §§ 377.60 and 377.61)**
**(Wrongful Death – Negligence)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem**
**Amiregh Quezada, C.C., a minor by and through Guardian ad Litem Amiregh**
**Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada,**
**as co-successors-in-interest to Decedent Mizael Corrales**
**Against Defendants GARCIA and DOES 1-25)**

103.    Plaintiffs hereby reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 102 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

104.    Decedent Mizael died intestate, was married to Plaintiff Heidi Gonzalez, and leaves behind three biological children, Plaintiffs Z.C., a minor by and through Guardian ad Litem, Amiregh Quezada, C.C., a minor by and through Guardian ad Litem, Amiregh Quezada, and A.C., a minor by and through Guardian ad Litem, Amiregh Quezada. Said Plaintiffs are therefore the proper persons to sue for Decedent Mizael's wrongful death under California state law.

105.    Defendants Deputies' negligent actions, i.e. the illegal and excessive deadly force used against Decedent Mizael, and negligent omissions, i.e. the failure to summon and/or provide medical care to Decedent Mizael, occurred during the course and scope of their employment as deputies of Defendant County. These actions and omissions, as forth in the allegations of this Complaint, directly and proximately caused the death of Decedent Mizael.

106.    As an actual and proximate consequence of Defendans' negligence, Plaintiffs have sustained pecuniary losses, in an amount according to proof at trial, in addition to the loss of comfort, society, attention, services, companionship, and support of Decedent Mizael, their husband and father.

107.    As a further consequence of Defendants' negligence, Plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

**COMPLAINT FOR DAMAGES**

108.    Pursuant to sections 377.60 and 377.61 of the California Code of Civil Procedure, Plaintiffs have brought this civil rights action, and claim damages from said Defendants, for the wrongful death of Decedent Mizael, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code § 52.1 – Tom Bane Act)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem**
**Amiregh Quezada, C.C., a minor by and through Guardian ad Litem Amiregh**
**Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada,**
**as co-successors-in-interest to Decedent Mizael Corrales**
**Against Defendants GARCIA and DOES 1-25)**

109.    Plaintiffs hereby reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 108 of this Complaint.

110.    Defendants' above-described conduct constituted interference, and attempted interference by threats, intimidation and coercion, with the Decedent Mizael's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

111.    As a direct and proximate results of Defendants' violation of Civil Code § 52.1, Decedent Mizael suffered violations of his constitutional rights and suffered damages as set forth herein.

112.    Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code § 52.1(h).

113.    Plaintiffs are entitled to treble damages, but in no case less than $4,000.00 and an award of their reasonable attorney's fees pursuant to Civil Code § 52(a).

114.    Under the provisions of California Civil Code § 52(b), Defendant is liable for punitive damages for each violation of Civil Code § 52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**COMPLAINT FOR DAMAGES**

**SEVENTH CAUSE OF ACTION**
**(Survival Action: Assault/Battery)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem**
**Amiregh Quezada, C.C., a minor by and through Guardian ad Litem Amiregh**
**Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada,**
**as co-successors-in-interest to Decedent Mizael Corrales**
**Against Defendants COUNTY, GARCIA and DOES 1-25)**

115.    Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 114 of this Complaint.

116.    The foregoing claim for relief arose in Decedent Mizael's favor and Decedent Mizael would have been the Plaintiff with respect to this claim if he had survived.

117.    Defendants touched Decedent Mizael with the intention and purpose to harm or offend him when Defendant Garcia egregiously and unjustifiably shot Decedent Mizael without cause or provocation. Defendant's conduct was neither privileged nor justified under any statute, common-law, or policy.

118.    Decedent Mizael did not consent to the touching and was fatally harmed by it.

119.    A reasonable person in Decedent Mizael's situation would have been offended by the touching.

120.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendant Garcia, including Defendants DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant Garcia, including Defendant DOES 1-25, pursuant to section 815.2 of the California Government Code.

121.    Defendants' conduct caused Decedent Mizael to experience severe pain and suffering, emotional distress, fear, trauma and humiliation, and the loss of life and earning capacity, and further damages according to proof at the time of trial.

122.     Consequently, Plaintiffs have suffered the loss of life-long love, companionship, affection, comfort, support, society, care, and sustenance of Decedent Mizael, and will continue to be so deprived for the remainder of their natural lives, and further damages according to proof at the time of trial.

123.     The conduct of Defendants was willful, malicious, intentional, deliberate, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Decedent Mizael and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem**
**Amiregh Quezada, C.C., a minor by and through Guardian ad Litem Amiregh**
**Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada,**
**as co-successors-in-interest to Decedent Mizael Corrales**
**Against Defendants COUNTY, GARCIA and DOES 1-25)**

124.     Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 123 of this Complaint.

125.     Defendants' conduct as described herein was outrageous.

126.     Defendants intended to cause Decedent Mizael and Plaintiffs emotional distress.

127.     Defendants acted with reckless disregard of the probability that Decedent Mizael and Plaintiffs would suffer emotional distress, knowing that Decedent Mizael was consciously present when the conduct occurred.

128.     Decedent Mizael and Plaintiffs suffered severe emotional distress from Defendants' harassment and heinous conduct.

129.     The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendant Garcia, including Defendants DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants were acting within the course and scope of their employment and/or agency with

**COMPLAINT FOR DAMAGES**

Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant Garcia, including Defendant DOES 1-25, pursuant to section 815.2 of the California Government Code.

130.    Defendants' conduct as described herein was a substantial factor in causing Decedent Mizael's and Plaintiffs' severe emotional distress.

131.    Defendants' conduct caused Decedent Mizael to suffer physical injury, emotional distress, conscious pain and suffering, fear, trauma, and humiliation, and the loss of life and earning capacity, and further damages according to proof at the time of trial.

132.    Moreover, Plaintiffs have suffered the loss of life-long love, companionship, affection, comfort, support, society, care, and sustenance of Decedent Mizael, and will continue to be so deprived for the remainder of their natural lives, and further damages according to proof at the time of trial.

133.    The conduct of Defendants was willful, malicious, intentional, deliberate, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Decedent Mizael and Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Negligence)**
**(Plaintiffs HEIDI GONZALEZ, Z.C., a minor by and through Guardian ad Litem Amiregh Quezada, C.C., a minor by and through Guardian ad Litem Amiregh Quezada, A.C., a minor by and through Guardian ad Litem Amiregh Quezada, as co-successors-in-interest to Decedent Mizael Corrales Against Defendants COUNTY, GARCIA and DOES 1-25)**

134.    Plaintiffs reallege and incorporate by reference herein the allegations set forth in paragraphs 1 through 133 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

135.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public

**COMPLAINT FOR DAMAGES**

employees, Defendant Garcia, including Defendants DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants were acting within the course and scope of their employment and/or agency with Defendant County. As such, Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant Garcia, including Defendant DOES 1-25, pursuant to section 815.2 of the California Government Code.

136. Defendants County, Garcia, and DOES 1-25, inclusive, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force. Defendant Garcia fired more than a dozen lethal rounds at Plaintiff. Each trigger pull constitutes a use of deadly force.

137. Defendants acted negligently in the use of deadly force against Decedent Mizael, including but not limited to: (a) failing to perform a reasonable evaluation of the circumstances prior to using lethal force; (b) failing to maintain situational awareness throughout the encounter; (c) failing to communicate with other deputies on scene; (d) not providing a reasonable opportunity to comply with deputies' commands; (e) failing to consider the dangers posed by shooting lethal rounds a driver inside an operating vehicle; (f) failing to give any warnings before exercising such a high level of force as their training requires; (g) failing to provide Decedent medical care for the several gunshot wounds Defendant Garcia inflicted as described herein; and (h) failing to intervene to prevent further violation of Decedent's constitutionally protected rights.

138. Defendants knew, or should have known, that shooting a dozen bullets at a person will likely cause serious, life-threatening injuries caused by the gunshot wounds. Moreover, Defendants knew, or should have known, that a person surrounded by patrol cars and armed deputies, cannot pose a credible threat to the safety of any deputy or other, and cannot reasonably be considered armed and dangerous, such as Decedent Mizael. Moreover, Defendants knew, or should have known, that immediate medical care should be promptly provided to any person subjected to lethal force, such as Decedent Mizael. Furthermore, Defendant knew, or should have known, that every shot fired from his service weapon constitutes deadly force, and that using

deadly force against an unarmed person who poses no threat to the safety of officers or others, such as Decedent, is unreasonable, excessive, and is thus, unconstitutional.

139.    Defendants Garcia and DOES 1-25 acted negligently in the use of deadly force against Decedent Mizael, including but not limited to: (a) firing more than a dozen bullets from a department-issued service weapons at the driver of a moving vehicle; and (b) failing to provide medical care to Decedent Mizael for the egregious injuries caused by Defendant Garcia's uses of force as described herein.

140.    Defendants knew, or should have known, that a person struck by bullets over a dozen times with severe injuries that render him physically immobilized, is bleeding excessively and experiencing severe levels of pain, and remains under the control of several deputies, such as Decedent Mizael, cannot pose a credible threat to the safety of any deputy or other, and cannot reasonably be considered a flight risk when the sustained injuries render the person physically incapable of moving his legs, and thereby cannot even stand up, let alone be a flight risk. Moreover, Defendants knew, or should have known, that immediate medical care should be promptly provided to any person subjected to deputies' force and sustained injuries as a result therefrom, such as Decedent Mizael. Furthermore, Defendants knew, or should have known, that uses force against an unarmed person, who poses no credible imminent threat to the safety of officers or others, such as Decedent, is objectively unreasonable, grossly excessive, and thereby, unconstitutional.

141.    Additionally, Defendants are liable for failing to intervene when fellow deputies violate the constitutional rights of another.

142.    Defendants negligently failed to intervene when Decedent Mizael's Fourth and Fourteenth Amendment rights were violated when: (a) Defendant Garcia discharged several lethal rounds through the front windshield, striking Decedent Mizael at least three times; (b) Defendant Garcia continued to discharge at least ten (10) more lethal rounds at Decedent Mizael through the open driver side window when the SUV rolled passed, striking Decedent Mizael an additional ten times; and (c) failing to provide Decedent Mizael prompt access to medical care despite

Defendants' knowledge that Decedent Mizael was severely injured, experiencing unbearable pain, and Decedent Mizael's access to medical care was entirely dependent on the Defendants since he was in the custody and control of the deputies. Defendants knew, or should have known, that failing to intervene when a fellow deputy violates the constitutional rights of another, through use of excessive force or otherwise, is a breach of duty and exposes them to liability. It was clear that the use of force was excessive and was harming Decedent Mizael, yet none of the Defendant DOE Deputies intervened, or even attempted to intervene, at any point, which resulted in a continued deprivation of Decedent Mizael's rights under the Fourth and Fourteenth Amendments, and subjected Decedent Mizael to immense physical and emotional suffering, and ultimately, suffered the loss of life.

143.     Furthermore, Defendants County and DOES 26-50, inclusive, are liable for their failure to adequately supervise, hire, train, and/or discipline San Diego County Sheriff's deputies, including Defendants Garcia and DOES 1-25, inclusive, whereby Defendants County and DOES 26-50, knew, or in the exercise of reasonable care should have known, that Defendants Garcia and DOES 1-25, acted negligently when Defendant Garcia fired more than a dozen rounds from his department-issued firearm, denied medical care to Decedent Mizael despite knowing that he had a serious medical need, and by failing to intervene when Defendant Garcia took action against Decedent Mizael that was in clear violation of his constitutional rights.

144.     Decedent Mizael and Plaintiffs were grievously harmed, physically, mentally, emotionally, and financially, and Defendants' negligence was a direct and substantial factor in causing their harm.

145.     Plaintiffs suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## **JURY DEMAND**

146.     Plaintiffs hereby demand a jury trial in this civil rights action.

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof as to Defendants GARCIA and DOES 1-25;

4. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

5. For any and all statutory damages allowed by law;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 10, 2023                    **BURRIS, NISENBAUM, CURRY, & LACY LLP**


By: ___*/s/ Julia N. Quesada*_____
JOHN L. BURRIS
DeWITT M. LACY
JULIA N. QUESADA
LENA P. ANDREWS

Attorneys for Plaintiffs,
Jose Corrales, Rosaura Corrales, Heidi Gonzalez,
Z.C., a minor by and through G.A.L., Amiregh
Quezada, C.C., a minor by and through G.A.L.,
Amiregh Quezada, and A.C., a minor by and
through G.A.L., Amiregh Quezada

**COMPLAINT FOR DAMAGES**