UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORRALES, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-cv-01468-AJB-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>**(Doc. No. 53)** |

Before the Court is Defendant County of San Diego's (the "County") motion for partial judgment on the pleadings as to the first amended complaint filed by Plaintiffs Jose Corrales, Rosaura Corrales, Heidi Gonzalez, Z.C., C.C., and A.C. (collectively "Plaintiffs"). (Doc. No. 53.) Plaintiffs filed an opposition (Doc. No. 55), to which Defendant replied (Doc. No. 56). For the reasons set forth below, the Court **GRANTS in part and DENIES in part** the instant motion.

I.   BACKGROUND

　　A.   Factual Background

On February 19, 2022, at approximately 9:00 AM, Decedent Mizael Corrales ("Decedent") was parked in a white SUV with two other passengers at a strip mall in Otay Mesa, San Diego, when several uniformed and plainclothes deputies of the San Diego

County Sheriff's Department arrived on scene. (First Amended Complaint ("FAC"), Doc. No. 25, ¶¶ 1, 23.) The deputies surrounded the SUV and ordered Decedent and his passengers to get out of the car. (*Id.*) Without providing Decedent with time to comply, Defendant Anthony Garcia ("Garcia"), aided by the other deputies, opened the driver's door, reached into the driver's seat, and grabbed hold of Decedent. (*Id.* ¶ 24.) While Garcia and deputies attempted to physically remove Decedent from the car, the two passengers were taken into custody by other deputies. (*Id.*)

Decedent put the SUV into reverse, causing Garcia and another deputy to fall to the ground. (*Id.* ¶ 25.) As Decedent shifted the SUV back into drive, Garcia got to his feet, drew his gun, and aimed it at Decedent. (*Id.*) "Then, without warning, Defendant Garcia fired multiple gunshots at Decedent through the front windshield of the SUV," "ma[king] a conscious decision . . . to shoot both at Decedent's center mass and higher at Decedent's head[.]" (*Id.* ¶¶ 25–26.) Plaintiffs assert Decedent was fatally struck by multiple rounds, incapacitating him and causing him to lose control of the SUV. (*Id.* ¶ 27.) Garcia then "stepped off to the side and stopped shooting as the SUV rolled forward[;]" however, once the SUV rolled past Garcia, Garcia fired an addition ten rounds, "if not more, through the open driver side window, striking Decedent several more times." (*Id.* ¶¶ 27–28.) The SUV continued rolling forward until it collided with a parked car at which point it ceased moving. (*Id.* ¶ 28.) Garcia approached the SUV and observed Decedent "slumped over in the driver seat bleeding with visible gunshot woods[,]" with his foot pressing down on the gas pedal, revving the engine. (*Id.* ¶ 29.) Thereafter, Decedent died as a direct result of the gunshot wounds inflicted by Garcia. (*Id.* ¶ 36.)

### B. Procedural History

On August 10, 2023, Plaintiffs filed the initial complaint asserting nine causes of action. (Doc. No. 1.) Garcia and the County (collectively "Defendants") filed a motion to dismiss (Doc. No. 18), which the Court granted in part and denied in part (Doc. No. 24).

On February 16, 2024, Plaintiffs filed the first amended complaint, alleging eight causes of action. (FAC.) The Court dismissed the second and third causes of action without

prejudice at Plaintiffs' request (*see* Doc. No. 28).[1] (Doc. No. 30.) Defendants answered operative complaint on April 9, 2024. (Doc. No. 32.) On July 16, 2024, the Court issued a scheduling order. (Doc. No. 41.)

On January 16, 2025, the County filed the instant motion for partial judgment on the pleadings. (Doc. No. 53.) This Order follows.

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (internal punctuation and citation omitted). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012) (internal punctuation and citation omitted).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

---

[1] As such, the remaining claims pled against the County are assault and battery (Cause of Action 6), intentional infliction of emotional distress (Cause of Action 7), and negligence (Cause of Action 8). (*See generally* FAC; Doc. No. 30.)

3

23-cv-01468-AJB-VET

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also L.A. Lakers, Inc.*, 869 F.3d at 800 ("In conducting this review, we accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.").

## III. DISCUSSION

The instant motion narrowly seeks judgment in favor of the County on the sixth, seventh, and eighth claims to the extent Plaintiffs are attempting to hold the County directly liable. (Doc. No. 53-1 at 5–6.) Additionally, the County asserts "Plaintiffs' claims against any Defendant for negligent investigation should be stricken" because any claim for negligence based on Defendants' "pre-arrest investigation of Corrales and his presence in the stolen vehicle, or purported lack thereof" is barred by immunity pursuant to California Government Code § 821.6. (*Id.* at 7.)

Although Plaintiffs filed an opposition, they do not oppose and in fact concede that "direct liability claims against Defendant County are not viable in the present matter." (Doc. No. 55 at 9; *see also id.* at 10 ("Defendant County argues that Plaintiffs' claims for direct liability against Defendant County should be dismissed as to Plaintiffs' Sixth, Seventh, and Eighth Causes of Action because Defendant County is not subject to direct liability. Plaintiffs agree.").) Rather, Plaintiffs argue they only alleged claims of vicarious liability against the County. (*See, e.g.*, *id.* at 9 ("Contrary to Defendant County's assertion that Plaintiffs improperly bring claims of direct liability against Defendant County, Plaintiffs contend that the First Amended Complaint only alleges claims against Defendant County under a theory of respondeat superior, as permitted under section 815.2 of the California Government Code."), 10 ("However, Plaintiffs maintain that the First Amended Complaint only alleges claims of vicarious liability against Defendant County."), 12 ("Plaintiffs do not allege in the Eighth Cause of Action that Defendant County is directly liable for the negligent actions and omissions of Defendants Garcia and DOES 1 through 25. Conversely, Plaintiffs plead that Defendant County is vicariously liable under a theory of respondeat superior as to Defendants Garcia's and DOES 1–25's negligence which

proximately caused the injuries suffered by Decedent and Plaintiffs.").) For that reason, Plaintiffs assert the Court should deny the motion or provide Plaintiffs leave to amend the complaint.[2] (Doc. No. 55 at 14.)

### A.  Assault, Battery, Intentional Infliction of Emotional Distress, and General Negligence (Causes of Action 6–8)

Pursuant to California law, "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of [California] Civil Code section 1714." *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003); *see also* Cal. Gov't Code § 815(a) ("Except as otherwise provided by statute[,] . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."). "Thus, to state a cause of action against a public entity, every fact material to the existence of its statutory liability must be pleaded with particularity." *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 795 (1985) (internal punctuation and citation omitted).

Looking to the language identified by the County, the first amended complaint uses the term "Defendants" in paragraphs that ascribe direct conduct to the County. (*See, e.g.*, FAC ¶¶ 100, 104, 106, 108–10, 116, 119, 125.) In their opposition, Plaintiffs restate the same language, collectively referring to "Defendants" without distinction between Garcia, Does 1 through 50, and the County but also direct the Court to paragraphs of the first

---

[2]  Plaintiffs' opposition includes the declaration of counsel that restates factual allegations of the first amended complaint. (*See* Doc. No. 55-1.) The purpose of this declaration is unclear. Regardless, "[j]udgment on the pleadings is limited to material included in the pleadings." *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011); *see also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). As such, the Court declines to rely on or even to consider the declaration. *Yakima Valley Mem'l Hosp.*, 654 F.3d at 925 ("The district court had discretion not to convert the motion for judgment on the pleadings into a summary judgment motion[.]"); *see also Fleming v. Pickard*, 581 F.3d 922, 925 n.4 (9th Cir. 2009) (declining to consider the plaintiffs' declarations when ruling on the defendants' motion for judgment on the pleadings).

amended complaint that assert theories of vicarious liability. (*See, e.g.*, Doc. No. 55 at 11 ("While Defendant County points to paragraphs 100, 104, 106, 109, 110, and 116 as the basis for judgment as a matter of law to dismiss claims of direct liability against Defendant County, Plaintiffs direct the Court to paragraphs 103 and 112."), 12 ("While Defendants, again, argue that Plaintiffs improperly allege direct liability of Defendant County as to Plaintiffs' Eighth Cause of Action for Negligence, Plaintiffs direct the Court to paragraph 118 of the First Amended Complaint.").

At its heart, the issue presented is the lack of precision in Plaintiffs' language. In the first amended complaint, Plaintiffs define "Defendant Officers" as Garcia and Defendant Does 1 through 50, collectively; however, Plaintiffs never use the term thereafter, opting instead to use "Defendants" when, in considering Plaintiffs' instant arguments, it appears "Defendant Officers" was intended. (*Compare* FAC ¶ 14 *with* FAC *generally*.) This lack of clarity leaves open the possibility that Plaintiffs were asserting direct liability claims against the County *in addition* to vicarious liability claims. However, Plaintiffs disavow any intention of bringing direct liability actions. Moreover, Plaintiffs fail to plead, and the Court is not independently aware of, a statutory basis by which the County may be held directly liable in tort under such circumstances. As such, to the extent the sixth, seventh, and eighth causes of action are pled as direct liability claims against the County, Plaintiffs fail to state a claim.

Accordingly, the Court strikes Plaintiffs' sixth, seventh, and eighth causes of action insofar as they contain allegations of direct liability.

**B.    Negligent Hiring and Supervision (Cause of Action 8)**

The County asserts that any direct liability claim against it for negligent supervision and hiring should be stricken because there is no statutory basis for such a claim.[3] (Doc. Nos. 53-1 at 6; 56 at 3.)

---

[3]    The County raises for the first instance in reply a challenge to the vicarious liability theory of negligent supervision and hiring. (Doc. No. 56 at 4–5.) As the County did not raise this issue in its motion

"[A] direct claim against a governmental entity asserting negligent hiring and supervision, when not grounded in the breach of a statutorily imposed duty owed by the entity to the injured party, may not be maintained." *de Villers v. Cnty. of San Diego*, 156 Cal. App. 4th 238, 255–56 (2007).

As the County notes, Plaintiffs include the following allegations the first amended complaint:

> Furthermore, Defendants County and DOES 26-50, inclusive, are liable for their failure to adequately supervise, hire, train, and/or discipline San Diego County Sheriff's deputies, including Defendants Garcia and DOES 1-25, inclusive, whereby Defendants County and DOES 26-50, knew, or in the exercise of reasonable care should have known, that Defendants Garcia and DOES 1-25, acted negligently when Defendant Garcia fired more than a dozen rounds from his department-issued firearm, denied medical care to Decedent Mizael despite knowing that he had a serious medical need, and by failing to intervene when Defendant Garcia took action against Decedent Mizael that was in clear violation of his constitutional rights.

(FAC ¶ 126.)

Plaintiffs do not raise a statutory basis for a negligent hiring or supervision claim against the County. Instead, Plaintiffs expressly assert they "do not allege in the Eighth Cause of Action that Defendant County is directly liable for the negligent actions and omissions of Defendants Garcia and DOES 1 through 25," and point instead to allegations of vicarious liability under a theory of respondeat superior." (Doc. No. 55 at 11–13.)

Accordingly, the Court strikes Plaintiffs' eighth cause of action insofar as it contains allegations of negligent hiring, training, and supervision for lack of a statutory basis. *See, e.g.*, *Est. of Nunis by & through Nunis v. City of Chula Vista*, No. 21-CV-01627-AJB-DEB, 2023 WL 6035705, at *4–*5 (S.D. Cal. Feb. 8, 2023).

---

and expressly disavows challenging vicarious liability claims, the Court will not address it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *see, e.g.*, *Jonhson v. Clovis Unified Sch. Dist.*, No. 1:04 CV 6719 AWI DLB, 2007 WL 1456062, at *6 (E.D. Cal. May 17, 2007) (declining to address an issue raised for the first time in a reply brief in support of a motion for judgment on the pleadings).

### C. Negligent Investigation (Cause of Action 8)

The County asserts that any claim against it for negligent investigation should be stricken because the County and its employees are immune pursuant to California Government Code § 821.6. (Doc. Nos. 53-1 at 7; 56 at 5.)

Under California law, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov't Code § 821.6. If "the employee is immune from liability," then the "public entity is not liable for an injury resulting from an act or omission of [that] employee[.]" Cal. Gov't Code § 815.2(b).

However, the County's characterization of the first amended complaint and its assertion of immunity therefrom are both overbroad. The County points to the following allegation of the first amended complaint as asserting a claim for negligent investigation:

> Defendants County, Garcia, and DOES 1-25, inclusive, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force. Defendant Garcia fired more than a dozen lethal rounds at Plaintiff. Each trigger pull constitutes a use of deadly force.

(FAC ¶ 119.) Read in isolation, the phrase "pre-arrest tactics" may be interpreted broadly to include "pre-arrest investigation of Corrales and his presence in the stolen vehicle," as the County does in the instant motion. (*See* Doc. No. 53-1 at 7.) However, the subsequent paragraph of the first amended complaint lists the allegedly negligent acts as including "failing to perform a reasonable evaluation of the circumstances prior to using lethal force," "not providing a reasonable opportunity to comply with deputies' commands," "failing to consider the dangers posed by shooting lethal rounds [at] a driver inside an operating vehicle," and "failing to give any warnings before exercising such a high level of force as their training requires." (FAC ¶ 120.) Based on the language of the first amended complaint as a whole and the lack of opposition to this argument in the County's motion, it is unclear whether Plaintiffs are actually asserting a claim of negligent investigation or whether the use of "pre-arrest tactics" is gratuitous language.

    Even if Plaintiffs were asserting a negligent investigation claim, the County's assertion of immunity is overbroad and outdated. Although California Courts of Appeal had previously interpreted § 821.6 as immunizing public employees and entities from claims of negligent investigation, the California Supreme Court has clarified that "neither text nor legislative history lends support to the County's argument that section 821.6 covers claims of injury caused by acts that are merely investigatory and unconnected to the prosecution of any official proceeding." *Leon v. Cnty. of Riverside*, 14 Cal. 5th 910, 926 (2023). Rather, "[i]f a law enforcement officer has initiated an official proceeding, the officer will enjoy immunity for that conduct under section 821.6, regardless of whether the officer's conduct may include certain acts described as investigatory." *Id.* at 924. "Where, however, the plaintiff's claim of injury does not stem from the initiation or prosecution of proceedings, section 821.6 immunity does not apply." *Id.*

    The County does not identify any factual allegations that the underlying incident occurred in connection with the instituting or prosecuting of an official proceeding. (*See generally* Doc. Nos. 53; 56.) On the facts of the operative complaint, immunity would not insulate the County from liability for a negligent investigation, if that were to be what Plaintiffs intended to assert by the phrase "pre-arrest tactics." *See e.g.*, *Smith v. City of L.A.*, No. 2:19-CV-05370-CAS(JCX), 2025 WL 57327, at *10 (C.D. Cal. Jan. 6, 2025) ("The claims at issue here are not claims of wrongful prosecution—plaintiff does not challenge that the Officers may have had cause to arrest [the decedent], rather she challenges the manner in which the Officers pursued this goal. The Court concludes that immunity pursuant to Government Code section 821.6 does not apply, and that judgment as a matter of law is also inappropriate on this basis.").

    Accordingly, the Court denies the County's motion with regard to any potential negligent investigation allegation in the eighth cause of action.

///
///
///

### C. Leave to Amend

Pursuant to Rule 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, "[l]eave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv–Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)).

Here, amendment would be futile because there are no set of facts Plaintiffs could allege that would permit Plaintiffs to state a claim for *direct* liability against the County. *See, e.g., Vargas v. Cnty. of L.A.*, No. CV 19-3279 PSG (ASX), 2021 WL 248668, at *5 (C.D. Cal. Jan. 5, 2021) (finding to be futile any amendment of the plaintiff's direct liability tort theory against the County of Los Angeles). Plaintiffs do not assert otherwise; rather, they request leave to amend in order to "clear[]up any confusion, eliminate any unintended claims alleged therein, and otherwise remedy any other pleading deficiencies this Court ascribes." (Doc. No. 55 at 14.) Such amendment is not in the interests of justice as it provides nothing that this Order does not already remedy and would only delay the instant litigation.

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** the County's motion **in part** and **STRIKES** Plaintiffs' sixth, seventh, and eighth causes of action insofar as they contain allegations of direct liability and negligent hiring, training, and supervision against the County.[4] The Court **DENIES** the County's motion with regard to any potential negligent investigation allegation in the eighth cause of action.

Finding amendment to be futile, the Court **DENIES** Plaintiffs' request for leave to

---

[4] For clarity, the Court notes that, just as the County's motion expressly excludes the vicarious liability theory set forth in these causes of action (*see* Doc. Nos. 53-1 at 5; 56 at 2), the instant Order neither addresses nor dismisses the sixth, seventh, and eighth causes of action to the extent they plead vicarious liability against the County.

amend the direct liability allegations in these causes of action.

**IT IS SO ORDERED.**

Dated: May 7, 2025

Hon. Anthony J. Battaglia
United States District Judge