1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

19

20

| | |
|---|---|
| JOSE CORRALES, an individual, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a municipal entity; ANTHONY GARCIA, individually and in his official capacity as a deputy for the San Diego County Sheriff's Department; and DOES 1-50, inclusive, individually and in their official capacity as deputies for the San Diego County Sheriff's Department,<br><br>        Defendants. | Case No.: 3:23-cv-01468-AJB-VET<br><br>**ORDER GRANTING IN PART JOINT MOTION**<br><br>**[Doc. No. 70]** |

21

22

23

24

      Before the Court is the parties' Stipulation and Joint Request for a limited extension of the fact discovery deadline and to continue the mandatory settlement conference ("Joint Motion").[1] Doc. No. 70. For the reasons stated below, the Court **GRANTS IN PART** the Joint Motion.

25

26

27

28

---

[1]   Pursuant to Local Rule 7.2(b), all stipulations must be filed as a joint motion. CivLR 7.2(b). Accordingly, the Court treats the instant stipulation as a "Joint Motion."

3:23-cv-01468-AJB-VET

**I.    JOINT MOTION AND PROCEDURAL BACKGROUND**

On July 16, 2025, the Court issued the initial Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings. Doc. No. 41. On November 21, 2024, at the request of the parties, the Court reset case dates and deadlines and issued an amended scheduling order ("Scheduling Order"). Doc. No. 52. On June 20, 2025, the parties filed the instant Joint Motion, requesting: (i) a limited extension of the fact discovery deadline from June 27, 2025 to July 18, 2025 for the sole purpose of completing two depositions; and (ii) to continue the MSC from July 17, 2025 to January 30, 2026.

**II.    LEGAL STANDARD**

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.*; *Adrian v. OneWest Bank, FSB*, 686 F. App'x 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 F. App'x 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 F. App'x 659, 661 (9th Cir. 2021). "If [the moving] party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Civil Local Rule 16.1(b) also requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the parties to meet current deadlines and reasons why the parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## III. DISCUSSION

The basis for the parties' requests stems from Defendants' need to take the depositions of Heidi Gonzalez and Amiregh Quezada, which have been delayed due to scheduling issues, outstanding discovery responses, and an anticipated change in the Guardian Ad Litem appointed for the minor plaintiffs. The Court notes that the delay in completing the two depositions was likely avoidable. Nonetheless, Defendants would be prejudiced if they are not permitted to conduct the two depositions, including the deposition of the new, anticipated Guardian Ad Litem. Accordingly, based on a review of the Joint Motion and record, and good cause appearing, the Court **GRANTS IN PART** the Joint Motion. The parties are advised that **no further extensions shall be granted absent extraordinary circumstances.**

/ / /

/ / /

/ / /

/ / /

## IV.    CONCLUSION

The Court **AMENDS** the operative Scheduling Order (Doc. No. 52) as follows:

1.    The fact discovery deadline is **RESET** from June 27, 2025 to **July 18, 2025** for the limited purpose of allowing Defendants to conduct the depositions of Heidi Gonzalez and Amiregh Quezada.

2.    The Mandatory Settlement Conference is **RESET** from July 17, 2025 to **October 29, 2025 at 9:30 a.m.** via Zoom videoconference.

3.    The Order Following Discovery Conference remains in effect. Doc. No. 67.

4.    All other aspects of the Scheduling Order remain in effect. *See* Doc. No. 52.

5.    No other dates or deadlines are extended, nor will this limited extension provide good cause to seek extensions of other dates and deadlines in the future.

**IT IS SO ORDERED.**

Dated: June 30, 2025

Honorable Valerie E. Torres
United States Magistrate Judge

3:23-cv-01468-AJB-VET