UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORRALES, et al.,<br>　　　　　　　　　　Plaintiffs,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>　　　　　　　　　　Defendants. | Case No.: 23-cv-01468-AJB-VET<br><br>**ORDER RE: MOTIONS TO SEAL**<br><br>**(Doc. Nos. 82, 84)** |

Before the Court are two motions to seal filed by Plaintiffs' Counsel, both of which seek to seal paragraph 5 of the Declaration of Julia N. Quesada.[1] (Doc. Nos. 82; 84.) For the reasons stated herein, the Court **GRANTS** Plaintiffs' Counsel's second motion to seal (Doc. No. 84) and **DENIES as moot** the first motion to seal (Doc. No. 82).

I.　　**RELEVANT BACKGROUND**

On August 22, 2025, Plaintiffs' Counsel file a motion to withdraw as local counsel supported by Quesada's Declaration. (Doc. No. 81.) At the same time, Plaintiffs' Counsel filed a corresponding motion to seal paragraph 5 of Quesada's Declaration because "it contains the private residence of party Plaintiffs, who are also minors." (Doc. No. 82 at 4.) The Court ordered Plaintiffs' Counsel to lodge the unredacted version of Quesada's

---

[1]　　Pursuant to Civil Local Rule 7.1.d.1, the Court finds the motions suitable for determination on the papers and without oral argument.

1

Declaration in compliance with the Electronic Case Filing Administrative Policies and Procedures Manual. (Doc. No. 83.) On August 25, 2025, Plaintiffs' Counsel lodged the unredacted version and filed a second, substantively identical motion to seal. (Doc. Nos. 85 (lodged proposed document); 84 (second motion to seal).)

Defendants' deadline to oppose the instant motion was August 29, 2025 (*see* Doc. No. 83 at 2); however, to date, no opposition has been filed.[2]

## II. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden

---

[2] Defendants failed to file a response to the instant motion despite the Court's direct order and the Civil Local Rule requiring either an opposition or notice of non-opposition to be filed in response to a motion. *See* CivLR 7.1.f.3.a. Defendants are directed to review and comply with the Court's orders, Chambers Procedures, and Civil Local Rules; future non-compliance may be grounds for sanctions. *See* CivLR 83.1.

depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## III. DISCUSSION

Plaintiffs' Counsel asserts the privacy and safety interests of Plaintiffs are sufficiently compelling to seal paragraph 5 of Quesada's Declaration, which includes Minor Plaintiffs' private residential address. (Doc. Nos. 82 at 4; 84 at 4.)

Here, the Court finds that (1) the proposed redaction is narrow in scope, (2) the public's interest in the sealed material would be minimally justified, and (3) the interest in protecting the safety and identity of minors is sufficiently compelling.[3] *See e.g.*, *Meyers v. Kaiser Found. Health Plan Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding protection of a minor's privacy and prevention of identity theft or other harm to be compelling reasons to seal a minor's birth year and home address); *Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-CV-00191-AJB-DEB, 2025 WL 1638315, at *1 (S.D. Cal. June 9, 2025) (finding compelling reasons to seal the personal addresses of class members as they appeared on exhibits attached motions for summary judgment and to exclude experts); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ,

---

[3] The Court need not address whether the good cause or compelling interest standard applies because the more stringent standard is met.

2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("find[ing] that the privacy interests in this personal information[, namely home addresses and financial account information,] outweighs the public's right to access). As such, the Court finds Plaintiffs' Counsel has met its burden to seal paragraph 5 of the Quesada Declaration.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the second motion to seal (Doc. No. 84) and **DENIES as moot** the first motion to seal (Doc. No. 82). The Clerk of Court is **DIRECTED to seal** the information currently lodged at Document Number 85.

IT IS SO ORDERED.

Dated: September 15, 2025

Hon. Anthony J. Battaglia
United States District Judge