UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CORRALES, et al.,<br>　　　　　　　　　　　Plaintiffs,<br>v.<br>COUNTY OF SAN DIEGO, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 23-cv-01468-AJB-VET<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS LOCAL COUNSEL**<br><br>**(Doc. No. 81)** |

Before the Court is a motion to withdraw as local counsel for Minor Plaintiffs Z.C., A.C., and C.C. ("Minor Plaintiffs") by and through their guardian ad litem Heidi Gonzalez, filed by local counsel Burris, Nisenbaum, Curry, and Lacy LLP ("BNCL"). (Doc. No. 81.) For the reasons set forth below, the Court **GRANTS** the motion to withdraw.

**I.    BACKGROUND**

On February 16, 2024, Minor Plaintiffs filed an amended complaint against Defendants County of San Diego and Anthony Garcia ("Defendants"), alleging violations of the Fourth and Fourteenth Amendments of the U.S. Constitution, wrongful death, negligence, assault/battery, intentional infliction of emotional distress, and a violation of the Tom Bane Act. (Doc. No. 25, First Amended Complaint ("FAC").) On April 9, 2024, Defendants filed an answer. (Doc. No. 32.)

After holding an Early Neutral Evaluation (Doc. No. 40), the Court issued a

1

schedule. (Doc. No. 41.) Pursuant to the operative scheduling order, fact discovery closed June 27, 2025, expert discovery closes October 24, 2025, and dispositive motions are due November 21, 2025. (Doc. No. 52.)

On August 22, 2025, BNCL filed the instant motion to withdraw as local counsel. (Doc. No. 81.) On October 2, 2025, the Court held oral arguments on the motion. (Doc. No. 89.) Attorneys John Leonard Burris, DeWitt M. Lacy, and Julia N. Quesada of BNCL appeared,[1] along with attorneys Jennifer Marie Martin and Abigail Jean Ryan McLaughlin on behalf of Defendants. (*Id.*) To date, no objections have been filed.

## II.  LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). In ruling on a motion to withdraw as counsel, courts consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010)). "Ultimately, '[t]he decision to permit counsel to withdraw is within the sound discretion of the trial court.'" *Westhoff Vertriebsges mbH v. Berg*, No. 22-CV-0938-BAS-SBC, 2024 WL 947803, at *1 (S.D. Cal. Feb. 14, 2024) (quoting *Atkins v. Bank of Am., N.A.*, No. 15-CV-00051-MEJ, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015)).

Under this District's Civil Local Rules, a motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding

---

[1] The Court notes that the CM/ECF attorney information for John Leonard Burris, a founding and lead attorney of BNCL, lists Mr. Burris as a practitioner at the Law Offices of John L. Burris, *not* BNCL; however, Minor Plaintiffs' pleadings list Mr. Burris as a member of BNCL based in Oakland, CA. Based on the pleadings and his representations at the hearing, the Court considers Mr. Burris to be included in BNCL's motion. Mr. Burris is directed to update his CM/ECF account information to properly reflect his firm association.

service of the motion on those parties. CivLR 83.3.f.3. "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." CivLR 83.3.f.3.b.

## III. DISCUSSION

### A. Compliance with Local Rules

As a preliminary matter, procedural requirements governing withdrawal of counsel in this District are set forth by Civil Local Rule 83.3, which provides that "[a] motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client," and "[a] declaration pertaining to such service must be filed." CivLR 83.3.f.3. "Failure to [] serve as required by this section or to file the required declaration of service will result in a denial of the motion." CivLR 83.3.f.3.b.

For an unknown reason, BNCL's motion addresses compliance with "US Code, Title III, Rule 24(c)." (Doc. No. 81 at 5.) The rule cited is Rule 24(c) of the Tax Court Rules of Practice and Procedure, which is not applicable to the instant case.

Despite its failure to address the appropriate court's rules, BNCL did in fact comply with both requirements by serving and providing a declaration demonstrating that it served Plaintiffs and Defendants with the instant motion. (*See* Doc. No. 81-1.) The Court turns next to the merits.

### B. Withdrawal Is Permitted

BNCL seeks withdrawal pursuant to Rule 1.16(b)(4) of the California Rules of Professional Conduct.[2] (Doc. No. 81 at 4.) Specifically, BNCL asserts that it should be permitted to withdraw because "[a] conflict has arisen amongst the various parties which necessitates counsel's withdrawal," resulting in "irreconcilable differences [between BNCL and Plaintiffs] over the management and direction of the litigation." (*Id.*) Due to

---

[2] BNCL cite to a former version of this rule. (Doc. No. 81 at 4 (citing CAL. RULES OF PRO. CONDUCT r. 3-700(C)(1)(d) (effective until Oct. 31, 2018)).) Though different in number, the rules are identical in substance.

"the individual and separate interests of the Plaintiffs in this matter," BNCL asserts it is "unable to represent Plaintiffs." (*Id.*)

The California Rules of Professional Conduct permit a lawyer to withdraw from representing a client if, in relevant part, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." CAL. RULES OF PRO. CONDUCT r. 1.16(b)(4). Based on BNCL's representations in its moving papers and at the hearing, the Court finds that California Rules of Professional Conduct would permit withdrawal. *See Vecron Exim Ltd. v. Stokes*, No. 217CV02944CASRAOX, 2019 WL 8220719, at *3 (C.D. Cal. Jan. 15, 2019) ("Generally, a breakdown in the attorney-client relationship constitutes good cause to permit an attorney to withdraw as counsel."). Additionally, although the deadline for fact discovery has expired, the action is still in the early stages and there are no other pending motions or imminent hearings, both of which weigh in favor of granting the motion to withdraw. *See, e.g.*, *Twins Special Co. v. Twins Special, LLC*, No. 21-CV-221-JO-DDL, 2023 WL 7350436, at *1 (S.D. Cal. Nov. 7, 2023) ("[T]here is no danger of prejudice, harm to the administration of justice, or undue delay where there are no immediately scheduled hearings, the case is still in early stages, and the relevant party has had sufficient notice of the intent to withdraw."). Moreover, according to BNCL's representations at the hearing, Minor Plaintiffs have not conveyed opposition to the withdrawal of BNCL, nor did their guardian ad litem choose to appear at the hearing. (*See* Doc. No. 89.)

Considering the papers, oral arguments, and applicable case law, the Court finds that the California Rules of Professional Conduct permit withdrawal and that the lack of prejudice, harm or delay weigh in favor of granting the instant motion. Accordingly, the Court **GRANTS** BNCL's motion to withdraw as local counsel.

### C. New Local Counsel Required

Finally, granting the withdrawal of local counsel leaves Minor Plaintiffs represented only by out-of-state counsel appearing pro hac vice. However, pursuant to Civil Local Rules, attorneys appearing pro hac vice must designate "a member of the bar of this court

with whom the Court and opposing counsel may readily communicate regarding the conduct of the case and upon whom papers will be served." CivLR 83.3.c.4. At the hearing, BNCL explained that it had communicated with the pro hac vice counsel, but it was unsure of whether the pro hac vice counsel had sought or engaged replacement local counsel. (Doc. No. 89.) Minor Plaintiffs must engage new local counsel in order to continue to prosecute the instant action.

## IV. CONCLUSION

Based on the reasons stated above, the Court **GRANTS** BNCL's motion to withdraw as local counsel and further **ORDERS**:

1. BNCL, including attorneys John Leonard Burris, DeWitt M. Lacy, and Julia N. Quesada, are **TERMINATED** as counsel for Minor Plaintiffs.

2. Minor Plaintiffs must obtain local counsel, and that local counsel must file a notice of appearance **no later than October 30, 2025**.

3. If local counsel has not appeared by October 30, 2025, the Court will hold a Show Cause Hearing on **November 6, 2025**, at **2:00 PM** in Courtroom 4A before the undersigned, to address why the instant action should not be dismissed for failure to prosecute. *See* CivLR 41.1 ("Failure to comply with the provisions of the local rules of this court may also be grounds for dismissal under this rule."). If local counsel files a notice of appearance in compliance with this Order, the Show Cause Hearing will be vacated.

4. Due to the need for Minor Plaintiffs to obtain local counsel, the parties' October 24, 2025 deadline to complete expert discovery is vacated. The date will be reset if new local counsel appears at or before the Order to Show cause hearing.

**IT IS SO ORDERED.**

Dated: October 6, 2025

Hon. Anthony J. Battaglia
United States District Judge